UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BABINSKI PROPERTIES and DONALD BABINSKI, Personally and as Executor of the Estate of John Babinski, | ) ) ) ) ) | CIV. 09-4192-KES |
| Plaintiffs, | ) ) ) | ORDER DENYING PLAINTIFFS' MOTION TO DETERMINE THE APPLICABLE LAW |
| vs. | ) ) | |
| UNION INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

Plaintiffs, Babinski Properties and Donald Babinski (collectively "Babinski"), move to determine the applicable law governing this action. Defendant, Union Insurance Company, responds that res judicata, collateral estoppel, or judicial estoppel bars this suit. In reply, Babinski does not address Union's arguments and again argues that this court should hold that South Dakota law applies. The court held a hearing to clarify the issue on January 3, 2011. At the hearing, Union stated that it would be filing a summary judgment motion on or before the motions deadline of January 18, 2011, based on the defenses asserted in its answer to Babinski's complaint and on res judicata, collateral estoppel, and judicial estoppel as asserted in its response to Babinski's motion.

Under Article III of the United States Constitution, courts are prohibited from issuing advisory opinions. *Pub. Water Supply Dist. v. City of Kearney*, 401 F.2d 930, 932 (8th Cir. 2005). "One kind of advisory opinion is an opinion 'advising what the law would be upon a hypothetical state of

facts.' " *Id.* (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). Courts generally decide a motion to determine the applicable law only when the precise issue before the court is clear. *See, e.g., Brandner v. Unum Life Ins. Co. of Am.*, 152 F. Supp. 2d 1219, 1221 (D. Nev. 2001) (deciding a motion to determine the applicable law in the context of a summary judgment motion); *Graves v. Mazda Motor Corp.*, 598 F. Supp. 2d 1216, 1217-18 (W.D. Okla. 2009) (deciding a motion to determine the applicable law because the parties narrowly defined the issue and provided competing arguments as to which state's law should apply).

Here, the parties have not narrowly defined the precise conflict at issue. Because the ultimate issue is unclear, an order determining the applicable law would be based on a hypothetical state of facts and, thus, would be an advisory opinion. Union intends to file a summary judgment motion in the future, and, as a result, a ruling on the conflict of law issue at this stage would be premature. Accordingly, it is

ORDERED that plaintiffs' motion to determine the applicable law (Docket 20) is denied without prejudice.

Dated January 4, 2011.

BY THE COURT:

/s/ **Karen E. Schreier**
KAREN E. SCHREIER
CHIEF JUDGE